I concur in parts I and III of the "Discussion" section of the majority opinion. I respectfully dissent as to part II, in which the majority errs by treating AmSouth Bank v.Dees, 847 So.2d 923 (Ala. 2002), as logically analogous to the instant case. It is not.
In Dees, an initial mortgage transaction, which had no arbitration provision associated with it, was followed by a line-of-credit transaction, which did include an arbitration provision. The debt from the two transactions wascombined in a third transaction, and the interest rate applicable to the line of credit was applied to the combined debt. Under the circumstances, this Court held that the arbitration provision in the line-of-credit agreement applied to the combined debt.
There is no such combination of transactions in this case. Instead, the closest the July 12, 2002, promissory note, which contains no arbitration provision, and the subsequent agreements, which contain arbitration provisions, come is that the proceeds from the separate agreements were used for similar purposes. This level of "factual link," as the majority opinion describes it, is very tenuous and not logically analogous to the facts of Dees, which, therefore, cannot be properly treated as dispositive of the issue in this case.